NO. 07-11-0259-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 10, 2011

JAVIER BRIONES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;

NO. A4310-1003; HONORABLE ROBERT W. KINKAID, PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Javier Briones (appellant) appeals his conviction for assault causing bodily injury/family violence. Pursuant to a plea agreement, appellant was placed on deferred adjudication. Subsequently, the State filed a motion to adjudicate his guilt. Appellant pled true to one allegation[1] and not true to the other six. At the close of the hearing, the trial court adjudicated appellant guilty and sentenced him to six years in prison.

---

[1] Appellant tested positive for marijuana in February of 2011 and admitted to using it to his probation officer, which was the basis for this allegation in the State's motion.

Appellant's appointed counsel filed a motion to withdraw, together with an *Anders*[2] brief, wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response *pro se.* By letter dated September 15, 2011, this court notified appellant of his right to file his own brief or response by October 17, 2011, if he wished to do so. Appellant filed a response.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed two potential areas for appeal. They included the 1) sufficiency of the evidence and 2) punishment assessed. However, counsel then proceeded to explain why the issues were without merit.

In addition, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any arguable error pursuant to *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). After doing so, we concur with counsel's conclusions.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.[3]

Brian Quinn
Chief Justice

Do not publish.

---

[2] *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct.1396,18 L.Ed.2d 493 (1967).

[3] Appellant has the right to file a *pro se* petition for discretionary review from this opinion.